WILLIAMS *v.* WILLIAMS

No. 43093        June 1, 1964        164 So. 2d 898

*Fountain D. Dawson, Charles W. Wade,* Greenville, for appellant.

*Horace L. Merideth, Jr.,* Greenville, for appellee.

Lee, C. J.

By the original bill of complaint of Jesse L. Williams and the answer and cross bill of Mrs. Dot Williams, each of the adversary parties sought a divorce, the custody of the three children, and the right of occupancy of the home in which to rear the children, or its partition. Mrs. Williams also sought alimony for the support of the children and for the fees of her attorneys.

These parties were married May 25, 1950. Three children were born to the union: Jerry Lee, born in 1951; Cathy Ruth, born in 1953; and Donna Carroll, born in 1957. A divorce was granted to the husband on November 8, 1962, and the mother was awarded the custody of the children. They were remarried January 1, 1963.

The main complaint on which the first divorce was based, was habitual cruel and inhuman treatment grow-

ing out of improper relations between the wife and another man. The divorce action was uncontested. According to Williams, the remarriage was undertaken on the wife's promise never to become involved with this man again. After their remarriage, they had domestic quietude and happiness for only about two months when this same man again appeared on the scene. Conditions grew worse and worse from day to day. Because of this relationship and threats which she made against his life, Mrs. Williams was placed in the institution at Whitfield for examination. However, the result of that examinatoin proved that she was in no way mentally deranged. Her lack of affection for her husband and her love of the other man were frequently asserted by her and admitted to him. Several witnesses gave corroboration that Mrs. Williams made such statements about both her husband and the other man, and concerning her dates and meetings with this man. No one testified to positive misconduct on her part, although the circumstances were pungent with strong inferences. Letters and other written documents, which bespoke her improper relationship to this man, were introduced.

While the wife attributed their domestic troubles to the constant nagging of her husband, she did admit the writing of letters, meetings with the man as a friend and neighbor; but denied any misconduct. She also admitted the substance of conversations and letters with others, but excused her actions in these matters in an effort to hurt them because these people had hurt her.

At the conclusion of the evidence, the court entered a decree, awarding to the complainant husband a divorce, the custody of the children, with visitation rights to the mother and to the maternal grandparents, and the right to occupy and possess the home for the purpose of rearing the children. An attorney's fee of $150 was allowed to the defendant and cross-complainant wife; but no permanent alimony was allowed.

From the decree entered the wife has appealed.

In her assignment of error, it is complained that the court erred in the admission of certain evidence and that the decree was manifestly wrong in depriving her of the custody of the children, and that it was contrary to the overwhelming weight of the evidence.

The Court, out of respect for the feelings of the involved family, is declining to detail the various instances of the wife's alleged misconduct.

The learned chancellor had all of the witnesses before him, observed their demeanor while they were testifying, and was in better position to determine the weight, worth, and credibility of the witnesses than an appellate court. The version of the appellee and his witnesses, if believed, was sufficient to sustain the relief which was granted. On the contrary, while the wife denied the existence of the circumstances complained about, at the same time her frank admissions were strong against her unless the court believed the motive which she assigned for so doing. ██ █ There was no harmful error from the introduction of evidence.

██ █ Suffice it all to say, this Court has no justification for declaring that the chancellor's decree was manifestly wrong; and it must therefore stand.

██ █ The Court is of the opinion that the appeal here is not entirely without merit, and, for that reason, it will allow to the appellant against the appellee, as a fee for her attorneys, one-half of the amount fixed by the trial court, namely, the sum of $75.00.

Affirmed.

*Ethridge, Gillespie, McElroy and Rodgers, JJ.,* concur.